# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY CONARD,** | : | CIVIL NO. 4:06-CV-1450 |
| **Plaintiff,** | : | (Judge Rambo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **PENNSYLVANIA STATE POLICE, et al.,** | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of the Case

This case comes before us in an unusual posture. Nine years ago, in July of 2006, the plaintiff brought this action against the Pennsylvania State Police. (Doc. 1.). Six years ago, in February of 2009, judgment was entered in favor of the defendants. (Doc. 69.) Five years ago, in March of 2010, that judgment was affirmed on appeal. (Doc. 72.) Two years ago, in October of 2013, the attorney who formerly represented Conard in this lawsuit, was disciplined and suspended from practice by the Supreme Court of Pennsylvania. Today, drawing upon these disparate and long past events, the plaintiff, Kelly Conard, has filed a motion to reopen her 2006 lawsuit based upon the disciplinary actions taken by the Pennsylvania courts against her former counsel seven years later, in 2013. (Docs. 73 and 74.)

For the reasons set forth below, it is recommended that this motion be denied.

## II. Discussion

### A. Rule 60–The Legal Standard.

Rule 60 of the Federal Rules of Civil Procedure provides, in part, as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

**(c) Timing and Effect of the Motion.**

**(1)** *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P., Rule 60(b) and (c).

As the text of this rule implies, decisions regarding whether to re-open cases under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). Because one of the cardinal considerations in assessing a Rule 60 motion is the public interest in the finality of judgments, Rule 60 motions must be made in a timely fashion. As the Rule itself states: "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P., Rule 60(c).

Here, Conard's motion to re-open does not cite which provision of Rule 60(b) she may be relying upon. However, Rules 60(b)(4) and (5), which relate to void or satisfied judgments, are clearly inapplicable here. Further, to the extent that Conard relies upon Rule 60(b)(1), (2), (3), and (6), as the legal grounds upon which the plaintiff seeks to re-open this case this motion to re-open fails on several independent grounds.

At the outset, to the extent that Conard seeks to rely upon subsections (1) through (3) of Rule 60(b), which permit judgments to be re-opened based upon a

showing of mistake, newly discovered evidence or fraud, the plain language of the rule also requires such motions to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" which a party seeks to re-open. Further, "[t]his time limit is jurisdictional and cannot be extended." Arrieta v. Battaglia, 461 F.3d 861, 864 (7th Cir. 2006). Therefore, the court generally may not entertain untimely motions to re-open a judgment made pursuant to Rule 60(b)(1)-(3). Radack v. Norwegian Am. Line Agency, Inc., 318 F.2d 538 (2d Cir. 1963).

Judged against these standards, to the extent that she relies upon Rule 60(b)(1)-(3), Conard's motion fails as a threshold matter because it is clearly untimely, having been filed more than one year after either: (1) the entry of the district court's February 2009 final order in this case dismissing Conard's claims; (2) the court of appeals March 2010 decision affirming this judgment; or (3) the unrelated October 2013 state bar disciplinary actions relating Conard's former counsel which she cites in her pleadings.[1]

---

[1] Beyond its procedurally flawed quality, we note that none of Conard's claims have even the slightest substantive merit under Rule 60(b)(1)-(3). The circumstances surrounding the discipline of her former counsel are not new or newly discovered. Quite the contrary, they have been matters of public record for many years. There is no allegation or indication of any fraud whatsoever by an opposing party in this case, and Conard can point to nothing that would constitute mistake, inadvertence, surprise, or excusable neglect warranting relief under Rule 60(b)(1)-(3).

Nor can Conard obtain relief under Rule 60(b)(6), which permits relief on "any other reason that justifies relief." Unlike Rule 60(b)(1)-(3) motions, motions brought pursuant to Rule 60(b)(6) are not subject to a strict 1-year limitations period. However, "A motion under the 'catchall' provision contained in Rule 60(b)(6) also must be made 'within a reasonable time.' Relief under Rule 60(b)(6) requires a showing of "'extraordinary circumstances' justifying the reopening of a final judgment"'" Arrieta v. Battaglia, 461 F.3d 861, 865 (7th Cir. 2006)(citations omitted).

A determination of :

> What constitutes a "reasonable time" depends on the circumstances of each case. Delzona Corp. v. Sacks, 265 F.2d 157, 159 (3d Cir.1959). A court considers many factors, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 610 (7th Cir.1986); Ashford v. Steuart, 657 F.2d 1053, 1055 (9th Cir.1981). What constitutes a "reasonable time" also depends on which Rule 60(b) clause a claimant is trying to avail. We have noted that relief under Rule 60(b)(6) is extraordinary because it can be given for "any other reason justifying relief" and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6).

In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

One aspect of this showing of "exceptional circumstances justifying the delay for filing under Rule 60(b)(6)," is that a movant under Rule 60(b)(6) must show that she "has exercised due diligence to ascertain whether the judgment has been entered

or has given sufficient reason for the lack of such diligence." Spika v. Vill. of Lombard, Ill., 763 F.2d 282, 285 (7th Cir. 1985).

In this case, Conard's motion completely fails to demonstrate the type of extraordinary degree of diligence necessary to justify the belated filing of a motion to re-open under Rule 60(b)(6). Indeed, rather than displaying extraordinary diligence, Conard's approach to this matter is marked by casual indolence. The grounds cited by Conard in her motion to re-open are all matters of public record in litigation and disciplinary proceedings which have spanned the past decade and have concluded more than two years ago. By any standard, Conard's lethargy in the face of these facts cannot be regarded as diligence, and cannot sustain Conard's burden of "establish[ing] exceptional circumstances justifying the delay for filing under Rule 60(b)(6)."In re Diet Drugs Phentermine/Fenfluramine/ Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010).

More fundamentally, this motion to re-open fails on its merits. Indeed, we are constrained to observe that many disappointed litigants have cited the subsequent disciplinary shortcomings of Mr. Bailey and his former law partner as grounds for relief under Rule 60(b) on the ironic theory that these disciplinary findings against counsel somehow reflected adversely upon the court, not counsel. Yet, these motions, while frequently made, have been consistently rebuffed by the courts, which uniformly reject the claim that these subsequent disciplinary matters are a circumstance which

warrants extraordinary relief under Rule 60.[2] The rationale behind these rulings, which have consistently rejected Rule 60 motions like those made here by Conard based upon some meritless and poorly defined recusal concerns, is equally applicable to the instant case. As we have noted, "relief under Rule 60(b)(6) is extraordinary because it can be given for 'any other reason justifying relief' and is not subject to an explicit time limit. Coltec Indus. Inc. v. Hobgood, 280 F.3d 262, 273 (3d Cir.2002). Therefore, a claimant must establish exceptional circumstances justifying [such relief]."In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig., 383 F. App'x 242, 246 (3d Cir. 2010). In this case, Conard has not, and cannot, meet this burden of establishing exceptional circumstances justifying relief under Rule 60 by asserting vague recusal concerns in some wholly speculative fashion. Indeed, this argument is particularly hollow in the instant case since the first judge assigned to this case actually did recuse himself in 2007, (Doc. 57), and the case was reassigned to another judge. That second judge, as to whom no grounds existed for recusal, then ruled against Conard on the merits of her claims in a ruling that was affirmed on its

---

[2]See e.g. Adams v. Keller, No. CIV.A. 07-1103, 2012 WL 2947579, at *1 (M.D. Pa. July 19, 2012); Robinson v. Hicks, No. 1:07-CV-1751, 2012 WL 825329, at *1 (M.D. Pa. Mar. 9, 2012); Dock v. Rush, No. 09-CV-606, 2012 WL 86893, at *1 (M.D. Pa. Jan. 11, 2012); Thomas v. Sandstrom, No. 3:09-CV-1557, 2011 WL 6050348, at *1 (M.D. Pa. Dec. 6, 2011); Phillis v. Harrisburg Sch. Dist., No. 1:07-CV-1728, 2011 WL 6294486, at *1 (M.D. Pa. Dec. 15, 2011).

merits by the court of appeals. Therefore, Conard may not rely upon this belated and flawed recusal claim to resurrect a fatally deficient legal claim.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED THAT the plaintiff's motion to re-open (Doc. 73) be DENIED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of December, 2015.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge