IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KELLY CONARD,** | : |
| **Plaintiff** | : Civ. No. 4:06-cv-1450 |
| v. | : |
| **PENNSYLVANIA STATE POLICE, et al.,** | : |
| | : **Judge Sylvia H. Rambo** |
| **Defendants** | : |

# M E M O R A N D U M

Before the court is a motion for reconsideration (Doc. 80) by Plaintiff Conard of this court's January 25, 2016 memorandum and order (Docs. 78 & 79). In that memorandum and order, this court adopted a report and recommendation of the magistrate judge, in which he denied Conard's motion to reopen the captioned case.

**I.      Legal Standard**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*,

176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension."  *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  It may not be used as a means to reargue unsuccessful theories, or to argue new facts or issues that were not presented to the court in the context of the matter previously decided.  *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**II.**      **Discussion**

In her motion to reopen her case (Doc. 73) and in her objections to the report and recommendation (Doc. 77), Conard asserted as follows:

> [I]t appears that there is an abundance of evidence which has been revealed that has shown that Judges of this Court had a long-term bias and prejudice against Mr. Bailey which clearly overlapped with the handling of my case, and has given me very reasonable cause to believe that I have been adversely affected and had my case improperly dismissed as part of a

>pattern of conduct to hurt and harm Mr. Bailey and the civil rights clients that he represents.

(Doc. 77, pp. 4-5.)

In her motion for reconsideration, Conard does not discuss the Bailey issue.  Rather, in the instant motion, she attaches documents dating back to 2006, 2012, 2014, etc. and claims that, in dismissing her case, the court relied upon inaccurate and incorrect information placed on the record.  However, most of the evidence attached to the instant motion was previously submitted in the case *sub judice*.  Conard never referred to these documents in her motion to re-open or her objections to the report and recommendation.

### III.     Conclusion

There has not been an intervening change in the controlling law, the evidence submitted in the instant motion was presented before the judge who ultimately dismissed this action, and there is no need to correct a clear error of law or fact to prevent manifest injustice.  The court notes that judgment in favor of Defendants in this case was affirmed on appeal in March 2010.  (Doc. 72.)

For the foregoing reasons, the motion will be dismissed with prejudice.

  s/Sylvia H. Rambo  
United States District Judge

Dated: March 8, 2016